UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:17-CV-116-TBR

DAMIEN A. SUBLETT                                                              PLAINTIFF

v.

LINDA S. GREEN
CHRIS HATTON
JON TANGROSE                                                                   DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon motion *in limine* by Plaintiff, Damien A. Sublett, seeking an order excluding certain evidence from trial. (DN 52). Defendants, Linda S. Green, Chris Hatton, and Jon Tangerose, have responded to the motion (DN 56) and Plaintiff has filed a reply (DN 62). Fully briefed, this matter is ripe for review and for the following reasons Plaintiff's motion *in limine* is **DENIED.**

## BACKGROUND

The Plaintiff in this case, Damien Sublett, is an inmate at Green River Correctional Complex. Defendant Linda Green was the Unit Administrator of the Restricted housing Unit at Western Kentucky Correctional Complex ("WKCC") during the period relevant to this action. (DN 33-7). Defendant Jon Tangerose is a Unit Administrator at WKCC, sometimes serves as a grievance coordinator, and sometimes supervises the inmate legal library. (DN 33-9). Defendant Chris Hatton is the Deputy Warden of Programs for WKCC. (DN 33-6). Plaintiff filed this action on August 3, 2017 under 42 U.S.C. § 1983 claiming that Defendants violated several of his constitutional rights. (DN 33-1 at 1). During the period relevant to this action, Plaintiff was an inmate at WKCC. *Id.* During his time at WKCC, Plaintiff spent some time in the Restricted

1

Housing Unit where he was in contact with the Defendants in this case. (DN 6 at 2). Damien Sublett is a prolific filer. Plaintiff had at least six civil actions against prison officials working their way through the courts while he was housed in the Restricted Housing Unit at WKCC. (DN 1-1 at 1-2).

On January 18, 2019, this Court granted in part and denied in part Defendants' motion for summary judgment. *Sublett v. Green*, No. 5:17-CV-116-TBR, 2019 U.S. Dist. LEXIS 9165 (W.D. Ky. Jan. 18, 2019). Two of Plaintiff's retaliation claims survived summary judgment. The claims are: (1) that Green, Tangerose, and Hatton denied him access to the legal library and use of the LexisNexis computer; and (2) that Green directed prison officials to enter Plaintiff's cell and confiscate all of his legal materials. Plaintiff now seeks an order excluding certain evidence from trial. Each of Plaintiff's six arguments will be discussed below.

## LEGAL STANDARD

Using the inherent authority to manage the course of trials before it, this Court may exclude irrelevant, inadmissible, or prejudicial evidence through *in limine* rulings. *See Luce v. United States*, 469 U.S. 38, 41 n.4, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984) (citing Fed. R. Evid. 103(c)); *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013); *Mahaney v. Novartis Pharms. Corp.*, 835 F. Supp. 2d 299, 303 (W.D. Ky. 2011). Unless such evidence is patently "inadmissible for any purpose," *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997), though, the "better practice" is to defer evidentiary rulings until trial, *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975), so that "questions of foundation, relevancy and potential prejudice may be resolved in proper context," *Gresh v. Waste Servs. of Am., Inc.*, 738 F. Supp. 2d 702, 706 (E.D. Ky. 2010). A ruling *in limine* is "no more than a preliminary, or advisory, opinion."

*United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd*, 469 U.S. 38, 105 S. Ct. 460, 83 L. Ed. 2d 443). Consequently, the Court may revisit its *in limine* rulings at any time and "for whatever reason it deems appropriate." *Id.* (citing *Luce*, 713 F.2d at 1239).

## DISCUSSION

1) **Motion to prohibit Green from calling any witness other than herself**.

Plaintiff moves the Court to prohibit Defendant Green from calling witnesses other than herself because, he argues, Green failed to supplement her responses to Plaintiff's interrogatories pursuant to Federal Rules of Civil Procedure 26 and 37. In relevant part, the Rules provide as follows:

**Rule 26(e)(1)(A-B):** A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response: . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or . . . as ordered by the court.

**Rule 37(c)(1):** If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

In his request for interrogatories, Plaintiff asks Defendants to "Name Any and All witness which may be call'd for trial?" (DN 15 at 2). In response to this request, Defendants answered "No

3

decisions have been made with regard to witnesses that may be called at trial. Will supplement when such decisions have been made and/or as ordered by the Court."

Plaintiff argues that Green should be prohibited from calling witnesses, other than herself, because she did not supplement her answer to the interrogatory discussed above. Defendants argue that no decisions were made regarding who they might call as witnesses until after the Court's order regarding pretrial deadlines (DN 41). Further, Defendants argue that they timely filed their witness and exhibit list with the Court after they made their decision and served these documents on Plaintiff.

The Court finds that Defendants timely supplemented their interrogatory answer by serving their witness list on Plaintiff when they reached a decision on the matter. The Court issued its order regarding pretrial deadlines on February 8, 2019. Defendants filed their witness list (DN 43) on March 22, 2019. The Court set March 22, 2019 as the deadline for filing witness lists, and March 22 is also the day Plaintiff filed his first witness list. The Defendants explain that they did not decide who they may call as a witness until after the February 8 telephonic conference. In fact, Defendants informed the Court during that conference that they were unaware whether Unit Administrator Jacob Bruce would be called as a witness at trial. Defendants therefore decided they may call Bruce as a witness sometime between February 8 and March 22, 2019. Thus, the Defendants filing and service on Plaintiff of the witness list is sufficient to timely supplement their answer to Plaintiff's interrogatory. For the foregoing reasons, Plaintiff's motion *in limine* is **DENIED** on this issue.

2) **Motion to prohibit Green, Hatton, and Tangerose from testifying to any of the facts as to the confiscation and the amount of legal documents Plaintiff held in his cell**.

Plaintiff argues that Green, Hatton, and Tangerose lack personal knowledge regarding the alleged confiscation of legal documents from his cell. Therefore, Plaintiff argues "Any Testimony or reference to the search per se and the amount of paper work an inmate may possess and any and all description of the allowable document's held in an inmates cell must be exclude as defendants posses no personal knoledge of the search or the confiscation of the search as they declare." (DN 52-1 at 8).

Defendants argue that Green, Hatton, and Tangerose "each possess personal knowledge of the general rule that inmates confined to the Restricted Housing Unit are limited to 5" of paperwork in their cells at any one time." (DN 56 at 2). Furthermore, Defendants allege that "they each have personal knowledge that Plaintiff kept a large amount of paperwork in his cell while housed in the RHU, though, arguably they are unable to quantify to a certainly [sic] an exact measurement of that paperwork at any given time." *Id.*

It is unclear at this time what Green, Hatton, and Tangerose will testify to at trial. Defendants claim that they will only testify to aspects of the confiscation of legal documents of which they have personal knowledge. At trial, the Court will enforce the Federal Rules of Evidence and limit the testimony of all witnesses accordingly. If a witness begins to testify to an issue that Plaintiff believes to be inadmissible due to a lack of personal knowledge, then he may object and the Court will decide the admissibility issue then. But at this time—due to the uncertainty of the scope of witness testimony and the possibility of admissible testimony regarding the confiscation of legal documents from Plaintiff's cell—it would be improper to limit testimony on this issue. Therefore, Plaintiff's motion *in limine* is **DENIED** on this issue.

3) **Motion to exclude any testimony or documents or reference to information gathered by Jacob Bruce**.

Plaintiff argues that "Any Statement or Introduction of document with respect to UA Jacob Bruce Information gathered in the Informal Resolution Grievance Number 511[1] is here-Say. Any Testimony by Bruce is hearsay, and is inadmissible at trial. As well, Bruce possess no personal knoledge of the statement made in grievance #511." (DN 52-1 at 8). Plaintiff also argues that the document itself should be excluded from evidence because he claims it is unauthenticated, contains inadmissible hearsay, and is not based on personal knowledge. *Id.* at 8-9.

Defendants argue "Any determination that testimony offered by Jacob Bruce is hearsay is premature, because he has not yet offered any testimony." (DN 56 at 3). The Defendants also argue that they "expect Mr. Bruce's testimony to be finite." *Id.* Defendants do not address the admissibility of the document itself.

The Court agrees with Defendants that this motion is premature regarding Bruce's testimony at trial. The scope of his testimony is unknown. If Bruce attempts to present inadmissible hearsay testimony or testimony that is otherwise inadmissible, then Plaintiff can object at trial and the Court will address the issue at that time. The Court recognizes, however, that the document itself could present evidentiary concerns. But it is unclear whether Defendants will attempt to enter the document into evidence, or if they do, for what purpose it will be offered. If Defendants want to enter the document[2] into evidence, they will need to address Plaintiff's arguments either at trial or

---

[1] The Court assumes Plaintiff is referring to Grievance #8511. (DN 33-5 at 5).
[2] The Court is referring to Bruce's letter regarding the informal resolution of Grievance #8511 found on the record at (DN 33-5 at 5).

beforehand. Therefore, Plaintiff's motion *in limine* regarding Bruce's testimony is **DENIED**, but the Court will withhold ruling on the admissibility of the document itself until Defendants address Plaintiff's arguments on the issue.

4) **Plaintiff moves the Court to exclude from admission at trial all evidence of Plaintiff's prison disciplinary record**.

Plaintiff argues that his prison disciplinary record is not relevant and would be unfairly prejudicial. Defendants have informed the Court that they do not intend to offer character evidence regarding Plaintiff at trial. (DN 56 at 3). Therefore, Plaintiff's motion *in limine* is **DENIED as moot** regarding this issue.

5) **Plaintiff moves the Court to exclude evidence of the nature of crimes he was convicted of**.

Plaintiff argues that evidence of his criminal history "would not bear upon Plaintiff credibility and would improperly prejudice the jury by encouraging it to conclude that Plaintiff is violent." (DN 52-1 at 11). Defendant's state that they "intend to present nothing more than the fact that the Plaintiff is an inmate, which the nature of his claims makes obvious." (DN 56 at 3). Because Defendants have informed the Court that they do not intend to evidence of Plaintiff's criminal history, Plaintiff's motion *in limine* is **DENIED as moot** on this issue.

6) **Plaintiff moves the Court to allow him to be dressed in prison khakis, instead of an orange jumpsuit at trial**.

On February 8, 2019, this Court ordered that "Plaintiff shall be dressed in penitentiary-issued khakis for purposes of trial in this matter." (DN 41 at 2). This order remains in effect. Therefore, Plaintiff's motion *in limine* is **DENIED as moot** regarding this issue.

## ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED,** Plaintiff's motion *in limine* (DN 52) is **DENIED.**

**Thomas B. Russell, Senior Judge**
**United States District Court**

May 29, 2019

CC: Damien A. Sublett, *Pro Se*, 134575
Green River Correctional Complex
1200 River Road
P.O. Box 9300
Central City, KY 42330-9300
CC: Counsel of Record