UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:17-CV-116-TBR

**DAMIEN A. SUBLETT**                                                                                                    **PLAINTIFF**

v.

**LINDA S. GREEN**
**CHRIS HATTON**
**JON TANGROSE**                                                                                                         **DEFENDANT**

## MEMORANDUM OPINION & ORDER

This matter is before the Court upon a motion and supplemental motion filed by the Plaintiff, Damien A. Sublett, seeking a new trial. (DN 79; DN 80). The Defendants, Chris Hatton, Jon Tangerose, and Linda S. Green, have responded (DN 82) and the Plaintiff has filed a reply (DN 83). Fully briefed, this matter is ripe for review and for the following reasons, Plaintiff's motion for a new trial is **DENIED.**

### Background

Damien A. Sublett is a prolific filer. This particular case involved a series of complaints, supplements to complaints, and amended complaints by Sublett where many of the parties changed and the claims brought by Sublett also changed over the action's lifespan. Plaintiff originated this action on August 3, 2017, when he filed his first complaint under 42 U.S.C. § 1983 claiming that the Defendants violated several of his constitutional rights. Plaintiff had at least six civil actions against prison officials working their way through the courts during the period in which his rights were allegedly violated. Plaintiff alleged that the Defendants in this case took adverse action

1

against him in retaliation for these civil actions and grievances against prison officials. More specifically, Plaintiff claimed that the Defendants unlawfully limited his access to legal resources and that a grievance against a prison official was wrongfully rejected.

On January 18, 2019, the Court dismissed Plaintiff's claim that his "original grievance" #8479 was not returned to him when he was released from the Restrictive Housing Unit into the general population, that Defendant Tangerose wrongfully rejected his "original grievance" #8479, and that Plaintiff's affidavits were never returned to him. (DN 40 at 13). Plaintiff then had two remaining claims: (1) that Green, Tangerose, and Hatton denied him access to the legal library and use of the LexisNexis computer; and (2) that Green directed prison officials to enter Plaintiff's cell and confiscate all of his legal materials. The action proceeded to trial on these two claims.

On June 3 and June 4, 2019, a jury found in favor of the Plaintiff on his claims that Defendant Green retaliated against the Plaintiff, in violation of the First Amendment of the United States Constitution by directing prison officials to enter his cell and confiscate all of his legal materials and awarded the Plaintiff nominal damages of $1.00. (DN 77). The jury found in favor of Defendants Green, Hatton, and Tangerose on the claims that they retaliated against the Plaintiff in violation of the First Amendment to the United States Constitution by denying the Plaintiff access to the legal library and/or use of the Lexis Nexis computer.

Plaintiff now moves the Court to set aside the judgment and grant him a new trial on his claims that Hatton, Green, and Tangerose denied him legal materials and/or access to the Lexis Nexis computer and a new trial on the issue of damages against Green arising out of the jury's finding that she confiscated all of his legal materials in violation of the First Amendment. Plaintiff argues that "[t]he Jury's determination that Hatton, Tangerose and Green did not deny Sublett access to legal material was a 'seriously erroneous result'" and that the verdict on that claim was

against the weight of the evidence. (DN 83 at 3). Plaintiff also argues that "[t]he damage against Linda S. Green where inadequate awarded in an amount substantially less than unquestionably proven as there was no evidence submitted by Green that Sublett had 5 inches more in violation of the policy and RHU Rule." (DN 79-1 at 11). Finally, Plaintiff argues that "[t]he court gave an incorrect compensatory Damages Instruction; INSTRUCTION NO. 5." *Id.* at 14.

**Standard**

Pursuant to Federal Rule of Civil Procedure 59(a), "[t]he court may, on motion, grant a new trial on all or some of the issues … (a) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Additionally, district courts may grant a new trial where "it is quite clear that the jury has reached a seriously erroneous result." *Gasperini v. Ctr. For Humanities, Inc.*, 518 U.S. 415, 468 (1995). Any such motion "must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(b). "[C]ourts have interpreted th[e] language [of Rule 59(a)] to mean that a new trial is warranted when a jury has reached a 'seriously erroneous result' as evidenced by" one of three things: "(1) the verdict being against the weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion, *i.e.*, the proceedings being influenced by prejudice or bias." *Holmes v. City of Massillon, Ohio*, 78 F.3d 1041, 1045-46 (6th Cir. 1996) (citing *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940), *Cygnar v. City of Chicago*, 865 F.2d 827, 835 (7th Cir. 1989), and *Mallis v. Bankers Trust Co.*, 717 F.2d 683, 691 (2d Cir. 1983)). The decision to grant or deny a motion for a new trial is reviewed for abuse of discretion. *Id.* at 1045.

## Discussion

**(1) The Jury's determination that Hatton, Tangerose, and Green did not deny the Plaintiff access to legal material was not a "seriously erroneous result," and does not warrant a new trial.**

Plaintiff argues that he is entitled to a new trial on his claim that the Defendants denied him access to legal material because "[t]he jury's determination that Hatton, Tangerose and Green did not deny Sublett access to legal material was a 'seriously erroneous result.'" (DN 83 at 3). Plaintiff argues—without citing to any evidence presented at trial—that the weight of the evidence presented at trial clearly weighs in favor of finding that the Defendants denied Plaintiff access to legal resources in retaliation for his filing of grievances and/or civil actions. Defendants respond to Plaintiff's arguments as follows:

> At trial, the parties presented their arguments on this issue *ad nauseum*. Sublett repeated his argument again and again that Hatton, Tangerose, and Green had denied him access to legal materials from the library. And Hatton, Tangerose, and Green steadfastly denied those allegations. It was the jury's job to decide whom to believe. And after hearing the testimony, seeing the documentary evidence the parties presented, and deliberating the matter, the jury found Hatton, Tangerose, and Green's arguments to be more credible and rendered a verdict in their favor.

(DN 82 at 3). The Defendants' argument is persuasive. Plaintiff has failed to identify evidence that the jury's verdict was against the weight of the evidence or that the jury reached a "seriously erroneous result." Plaintiff's argument might be more persuasive if he cited to specific pieces of documentary evidence and portions of the trial transcript to support his claim that the jury reached an erroneous verdict. But the Plaintiff does not cite to any such evidence. Instead, the Plaintiff relies on his own self-serving statements that "(1) Hatton testified that the computer in the officer cage connected to the copy machine has a linke to the lexis Nexis Computer and is accessible to the legal library officer for copies (2) The E-mail via Hatton Stated "Need a "(Second)" lexis Nexis

4

Terminal on the Compound" Meaning there was a lexis Nexis terminal on the compound (3) Testimony of Linda S. Green, that the lexis Nexis was not out of Service from April 24th 2017 through August 4th 2017 as "this would interfere with the function of the legal library." (DN 83 at 4). Plaintiff does not provide the Court with evidence of what Hatton actually said on the stand, the email he alludes to, or the testimony of Defendant Green. The Court will not overturn a jury verdict solely upon the Plaintiff's opinion regarding the interpretation of witness testimony or documentary evidence. It is the Plaintiff's burden to convince the Court that the jury reached an erroneous verdict. The Plaintiff has failed to satisfy this burden and, therefore, the motion for a new trial is **DENIED.**

### (2) The damages awarded against Linda S. Green are adequate and do not warrant a new trial.

Plaintiff argues that he is entitled to a new trial on the issue of damages because the $1.00 he was awarded in nominal damages was inadequate. Defendants argue that, "[a]t trial, Sublett bore the burden of proving damages. But he failed to prove any damages at all at trial with regard to his allegation that Green retaliated against him by confiscating his personal legal paperwork." (DN 82 at 3). The Defendants argue that the Plaintiff did not present evidence of damages at trial except for "some self-serving statements that he was entitled to damages" and that "[t]he jury was free to accept or reject any self-serving statements made by Sublett." *Id.* at 4.

In response to these arguments, the Plaintiff argues that his damages were his inability to prosecute other civil actions due to the confiscation of his legal materials. Plaintiff argues "Sublett testified that he was unable to respond to motion by lawyer for the defendants in his pending civil

action because Sublett did not have any of his legal material, and that Green confiscated all of Sublett legal material that came in the legal mail from other defendant's lawyer's." (DN 83 at 7). Plaintiff specifically identifies *Sublett v. McAlister*, 5:16-cv-00138-TBR and argues he "could not litigate the McAlister case because all of his legal material was confiscated by green, the damage was the fact that Sublett could not litigate his pending civil case like in King v. Zamiara supra." *Id.*

Plaintiff has not articulated exactly how the confiscation of his legal materials hindered his prosecution of the *McAlister* case.[1] Plaintiff has not identified what specific documents were confiscated that were critical to that case. Furthermore, Plaintiff has not identified any outcomes in that case which would have been different if the documents were not confiscated. Most importantly, Plaintiff does not offer any proof that he presented evidence of these damages at trial. Plaintiff has not cited to any transcripts from trial testimony where a witness testified that Sublett was hindered in his prosecution of the *McAlister* case, or any other case, by Green's confiscation of his materials. Plaintiff bore the burden of proving these damages at trial and he now bears the burden of proving that he met that burden at trial. Plaintiff has failed to meet either burden and therefore his motion for a new trial is **DENIED.**

**(3) Jury Instruction No. 5 does not warrant a new trial.**

The Plaintiff argues that he is entitled to a new trial because, he claims, "[t]he court gave an incorrect Compensatory Damages Instruction." (DN 79-1 at 14). Plaintiff challenges that the

---

[1] On December 12, 2018, the Court granted summary judgment regarding Sublett's claim against one Defendant—Timothy Grimes—and issued a strike against Sublett for filing a frivolous claim. *Sublett v. McAlister*, 5:16-cv-00138-TBR, 2018 WL 6817018 (W.D. Ky. Dec. 27, 2018).

6

Court's jury instruction regarding compensatory damages is improper and therefore he is entitled to a new trial. In relevant part, the Court instructed the jury as follows:

> If you find for the Plaintiff against the Defendants, then you will next determine from the evidence and award the Plaintiff such sum of money as will fairly and reasonably compensate him for his mental and physical pain and suffering, if any, as you believe from the evidence he has sustained as a direct result of the deprivation of his constitutional rights by the Defendant.

The Plaintiff argues that this instruction is erroneous because, he argues, he is not required to prove mental and physical pain and suffering to recover for a constitutional violation under *King v. Zamiara*, 788 F.3d 207 (6th Cir. 2015). Assuming *arguendo* that Plaintiff is correct that the instruction is erroneous, Plaintiff is not entitled to a new trial because he did not object to the instructions before or during trial and because the error is harmless. In fact, the instruction that the Court provided to the jury is verbatim the proposed instruction for compensatory damages that Sublett submitted to the Court. (DN 54 at 10). In other words, Sublett is now claiming that he submitted an erroneous jury instruction to the Court. Sublett is mounting a collateral attack against his own proposed jury instruction after being awarded an unsatisfactory amount of damages. And Sublett failed to raise these objections prior to or during trial. In *Bath & Body Works, Inc. v. Luzier Personalized Cosmetics, Inc.*, the Sixth Circuit explained:

> Federal Rule of Civil Procedure 51 provides that, "[n]o party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection." "The law in this circuit generally requires a formal objection, whicho should in most circumstances be made both before and after the jury instructions are read to the jury. An exception to this rule occurs *only* when it is plainly apparent from the discussion between the parties and the judge that the judge was aware of a party's dissatisfaction with the instruction as read to the jury, and the specific basis for the claimed error or omission." *Preferred RX, Inc. v. American Prescription Plan, Inc.*, 46 F.3d 535, 547 (6th Cir. 1995) (citing *Woodbridge v. Dahlberg*, 954 F.2d 1231, 1237 (6th Cir. 1992)). The purpose of this rule is "to alert the trial judge to potential problem areas so that the jury can be clearly and correctly instructed." *Preferred Rx, Inc.*, 46 F.3d at 547 (citations omitted).

7

76 F.3d 743, 749 (6th Cir. 1996). In this case, Plaintiff neither formally objected to the jury instruction nor was it plainly apparent from the discussion between the parties and the judge that the judge was aware of a party's dissatisfaction with the instruction as read to the jury. It is worth reiterating that the Court provided the Plaintiff's proposed jury instruction to the jury.

Furthermore, the Plaintiff is not entitled to a new trial because—assuming the instruction is erroneous—the error was harmless. A plaintiff who alleges the violation of a constitutional right is not entitled to compensatory damages unless he can prove actual injury caused by the violation. *King v. Zamiara*, 788 F.3d 207, 213 (6th Cir. 2015). The Sixth Circuit explained:

> [A] plaintiff must demonstrate that he or she suffered an actual injury in order to receive compensatory damages for violations of his or her constitutional rights. When it is difficult to quantify precisely the damages caused by that injury, presumed damages may be awarded, but "[t]he award must focus on *the real injury sustained* and not on either the abstract value of the constitutional right at issue . . . or the importance of the right in our system of government." *Piver v. Pender Cnty. Bd. Of Educ.*, 835 F.2d 1076, 1082 (4th Cir. 1987) (emphasis added).

788 F.3d at 214 (citation omitted). As explained in detail above, Plaintiff has failed to point to specific witness testimony presented at trial or other evidence offered at trial to prove that he suffered a real and cognizable injury. Plaintiff broadly asserts that Green's actions prevented him from litigating other lawsuits but he fails to direct the Court to portions of the transcript to support this assertion or provide any other comparable evidence. Because Plaintiff did not object to his own proposed jury instruction and because any error in Sublett's instruction is harmless, Plaintiff's motion for a new trial is **DENIED.**

## Order

For the foregoing reasons, **IT IS HEREBY ORDERED,** Plaintiff's motion for a new trial and supplemental motion for a new trial (DN 79; DN 80) are **DENIED.**

CC:    Damien A. Sublett
         134575
         GREEN RIVER CORRECTIONAL COMPLEX
         1200 River Road
         P.O. Box 9300
         Central City, KY 42330-9300
         PRO SE
CC:    Counsel of Record