**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:17-CV-116-TBR**

**DAMIEN A. SUBLETT**                                                                                      **PLAINTIFF**

**v.**

**LINDA S. GREEN
CHRIS HATTON
JON TANGROSE**                                                                           **DEFENDANT**

## MEMORANDUM OPINION & ORDER

This matter is before the Court upon a motion by the Plaintiff, Damien A. Sublett, to recover costs pursuant to Fed. R. Civ. P. 54. (DN 78). The Defendant, Linda S. Green, has responded to the motion. (DN 81). Fully briefed, this matter is ripe for review and for the following reasons it is **GRANTED in part and DENIED in part**.

On June 4, 2019, a jury found from a preponderance of the evidence that Defendant Linda Green retaliated against the Plaintiff, in violation of the First Amendment to the United States Constitution, by directing prison officials to enter his cell and confiscate all of his legal materials. The Jury awarded Plaintiff $1.00 in nominal damages. Plaintiff now moves the Court to tax costs against Defendant Green in the amount of $616.00. More specifically, Plaintiff requests to be awarded $350.00 for his filing fee, $110.00 for "two years" of postage, and $156.00 for "two years of copies expenses." Defendant objects to this amount. Defendant argues that Plaintiff—who was granted *in forma pauperis* status—did not pay the filing fee, that postage is not a taxable cost, and that Plaintiff has failed to provide supporting documentation or other evidence to establish the necessity or legitimacy of the "two years of copies expenses."

**Legal Standard**

Federal Rule of Civil Procedure 54(d)(1) allows the Court, in its discretion, to award costs to a prevailing party. *See* Fed. R. Civ. P. 54(d)(1). 28 U.S.C. § 1920 defines the term "costs" as used in Civil Rule 54(d)(1). *See Taniguchi v. Kan Pac. Saipan*, 132 S. Ct. 1997, 2001 (2012) (citing *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987)). To be taxable against the losing party, the cost item must be provided for in § 1920 and must be reasonable and necessary in amount. *BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 417 (6th Cir. 2005) (citing *Baker v. First Tenn. Bank Nat'l Ass'n*, 142 F.3d 431, 1998 WL 136560, at *2 (6th Cir. 1998) (unpublished table disposition)), *abrogated on other grounds by Taniguchi*, 132 S. Ct. 1997; *See also Banks v. Bosch Rexroth Corp.*, 611 Fed.App'x 858, 860 (6th Cir. 2015). Because costs are presumptively awarded, the objecting party bears the burden of persuading the Court that an award is improper. *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001).

**Discussion**

Defendant Green objects in some regard to each of the three categories of cost sought by Plaintiff. The Court will address each of these costs individually.

First, Defendant argues that "[t]he Court should order that the filing fee in this case be paid directly to the Court. . . ." (DN 81 at 2). The Court agrees. In this case, Sublett moved to proceed *in forma pauperis*. (DN 3). The Court granted Sublett's motion to proceed *in forma pauperis*. (DN 5). Sublett never paid a $350.00 filing fee to the Court. Therefore, the Court orders that the "Cost" of Sublett's filing fee be paid directly to the Court.

Second, the Defendant argues that postage is not a taxable cost. The Court agrees. In *Hadix v. Johnson*, the Sixth Circuit Court of appeals explained that "[a]lthough Rule 54(d) allows a party

to be reimbursed for its 'costs,' this term is given a far narrower interpretation than its vernacular meaning might suggest." 322 F.3d 895, 899 (6th Cir. 2003) (citing Charles Alan Wright et al., 10 *Federal Practice and Procedure* § 2666, at 202 (3d ed. 1998) (noting that "although 'costs' has an everyday meaning synonymous with 'expenses,' the concept of taxable costs under Rule 54(d) is more limited."). The *Hadix* Court further explained that "taxable costs" are those costs that are listed in 28 U.S.C. § 1920. *Id.* (citing *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 875 (6th Cir. 2000) ("Title 28 U.S.C. § 1920 lists the items a court may tax as 'costs' to a prevailing party under Rule 54(d)."). Finally, the *Hadix* Court held that postage expenses "simply are not costs within the meaning of the rule." *Id.* at 900. Therefore, in this case, the Court denies Sublett's request for postage expenses.

Finally, Defendant Green argues that the Court should deny Sublett's request for copy expenses because he has failed to set out with sufficient detail how he came to the sum of $156.00 for copies. The Court agrees. Sublett has not articulated why these specific copies were reasonable and necessarily obtained for use in this case. Generally speaking, the Court may tax "the costs of making copies of any materials where the copies are necessarily obtained for use in the case," 28 U.S.C. § 1920(4), including "copies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the court's consideration." *Jordan v. Vercoe*, 966 F.2d 1452, 1992 WL 96348, at *1 (6th Cir. 1992) (unpublished table decision) (citing *Fressell v. AT & T Techs, Inc.*, 103 F.R.D. 111, 115-16 (N.D. Ga. 1984)). However, the Court should not be a "simple rubber stamp" for photocopying expenses. *Bowling v. Pfizer, Inc.*, 132 F.3d 1147, 1151 (6th Cir. 1998). Instead, the prevailing party must "provide sufficient detail and sufficient documentation regarding those costs in order to permit challenges by opposing counsel and meaningful review by the Court." *Huntsville Golf Dev., Inc.*

*v. Brindley Constr. Co.*, No. 1-08-00006, 2011 WL 4960421, at *4 (M.D. Tenn. Oct. 18, 2011) quoting *Vistein v. Am. Registry of Radiologic Technologists*, No. 1:05-CV-2441, 2010 WL 918081, at *4 (N.D. Ohio June 4, 2010)) (internal quotation marks omitted).

In this case, Sublett does not describe what he photocopied or how the photocopies were used. *See* (DN 78). Sublett neither lists the number of pages copied nor attempts to explain the necessity of the costs associated with the copies. Without more, the Court lacks sufficient information to assess how the copies were reasonably necessary for trial. *See King v. Gowdy*, 268 Fed.Appx. 389, 391 (6th Cir. 2008); *Smith v. Joy Techs., Inc.*, No. CIV. 11-270-ART, 2015 WL 428115, at *6 (E.D. Ky. Feb. 2, 2015); *Thompson, I.G., L.L.C. v. Edgetech, I.G., Inc.*, No. 11-12839, 2014 WL 764629, at *2 (E.D. Mich. Feb. 25, 2014); *Conn v. Zakharov*, No. 1:09-CV-0760, 2010 WL 2293133, at *3 (N.D. Ohio June 4, 2010); *see also Miles Farm Supply*, 2008 WL 4561574, at *5; *Hall v. Ohio Educ. Ass'n*, 984 F. Supp. 1144, 1146 (S.D. Ohio 1997). Therefore, the Court will not tax the $156.00 claimed as copying expenses.

## ORDER

**IT IS HEREBY ORDERED** that Plaintiff Sublett's Motion for Costs (DN 78) is **GRANTED in part and DENIED in part.** The $350.00 filing fee shall be **TAXED**. The Defendant shall pay this fee directly to the Court. The $110.00 for postage expenses and the $156.00 for copying expenses **SHALL NOT BE TAXED. IT IS SO ORDERED.**

Thomas B. Russell, Senior Judge
United States District Court

January 24, 2020

CC: Counsel
CC: PRO SE PLAINTIFF
CC: US District Court- FINANCE