UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:17-CV-00116-TBR

DAMIEN A. SUBLETT                                                            PLAINTIFF

v.

LINDA S. GREEN, *et al.*                                               DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Before the Court is Sublett's Motion to Reopen. [DN 87]. The defendants responded. [DN 88]. Sublett replied. [DN 89]. The motion is ripe for adjudication. For the reasons stated below, the motion is DENIED.

**I. Background**

Damien A. Sublett is a prolific filer. This case involved a series of complaints, supplements to complaints, and amended complaints by Sublett where many of the parties changed and the claims brought by Sublett also changed over the action's lifespan. Sublett originated this action on August 3, 2017 when he filed his first complaint under 42 U.S.C. § 1983 claiming that the Defendants violated several of his constitutional rights. Sublett had at least six civil actions against prison officials working their way through the courts during the period in which his rights were allegedly violated. Sublett alleged that the Defendants in this case took adverse action against him in retaliation for these civil actions and grievances against prison officials. More specifically, Sublett claimed that the Defendants unlawfully limited his access to legal resources and that a grievance against a prison official was wrongfully rejected.

On January 18, 2019, the Court dismissed Sublett's claims that his "original grievance" #8479 was not returned to him when he was released from the Restrictive Housing Unit into the general population, that Defendant Tangerose wrongfully rejected his "original grievance" #8479,

1

and that Sublett's affidavits were never returned to him. [DN 40 at 13]. Sublett then had two remaining claims: (1) that Green, Tangerose, and Hatton denied him access to the legal library and use of the LexisNexis computer; and (2) that Green directed prison officials to enter Sublett's cell and confiscate all of his legal materials. The action proceeded to trial on these two claims.

On June 3 and June 4, 2019, a jury found in favor of Sublett on his claim that Defendant Green retaliated against Sublett in violation of the First Amendment by directing prison officials to enter his cell and confiscate all of his legal materials; the jury awarded Sublett nominal damages of $1.00. [DN 77]. The jury found in favor of Defendants Green, Hatton, and Tangerose on the claim that they retaliated against Sublett in violation of the First Amendment by denying Sublett access to the legal library and/or use of the Lexis Nexis computer.

Following trial, Sublett moved the Court to set aside the judgment and grant him a new trial on his claims that Hatton, Green, and Tangerose denied him legal materials and/or access to the Lexis Nexis computer and a new trial on the issue of damages against Green arising out of the jury's finding that she confiscated all of his legal materials in violation of the First Amendment. Sublett argued that "[t]he Jury's determination that Hatton, Tangerose and Green did not deny Sublett access to legal material was a 'seriously erroneous result'" and that the verdict on that claim was against the weight of the evidence. [DN 83 at 3]. Sublett also argued that "[t]he damage against Linda S. Green where inadequate awarded in an amount substantially less than unquestionably proven as there was no evidence submitted by Green that Sublett had 5 inches more in violation of the policy and RHU Rule." [DN 79-1 at 11]. Finally, Sublett argued that "[t]he court gave an incorrect compensatory Damages Instruction; INSTRUCTION NO. 5." *Id.* at 14.

The Court denied Sublett's motion for a new trial. [DN 85]. The Court determined first that the Jury's determination that Hatton, Tangerose, and Green did not deny the Plaintiff access to

legal material was not a "seriously erroneous result," and did not warrant a new trial. The Court also determined that the damages awarded against Linda S. Green were adequate and did not warrant a new trial. Finally, the Court determined that Jury Instruction No. 5 did not warrant a new trial. On these findings, the Court denied Sublett's motion.

Currently before the Court is Sublett's "Motion to Reopen" pursuant to Federal Rules of Civil Procedure 60(b)(1) and 60(b)(6). [DN 87]. Sublett argues that the Court should allow Sublett to proceed with a trial on compensatory damages against Linda Green. In support, Sublett argues that the Court applied the incorrect law in determining there was no error in the jury instructions. Thus, Sublett challenges the Court's previous determination that jury instruction No. 5 does not warrant a new trial.[1]

## II. Standards

Federal Rule of Civil Procedure 60(b) provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Sublett argues that he is entitled to a new trial under subsection (1), subsection (6), or both. "Relief under Rule 60(b)(1) is proper 'in only two situations: (1) when a

---

[1] Green argues in her response to Sublett's motion that the motion should be stricken from the record because Sublett failed to serve his motion on Green's counsel, and Green only became aware of the motion because it was docketed electronically by the clerk. [DN 88 at 1-2]. The Court agrees that Sublett's failure to serve is reprehensible, but ultimately, the Court prefers to hear arguments on their merits rather than to dismiss them for procedural errors, especially when a party is proceeding *pro se*.

party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order.'" *Gibson v. Ford Motor Co.*, No. 3:18-CV-43-RGJ, 2021 WL 77470, at *2 (W.D. Ky. Jan. 8, 2021) (quoting *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002)); *Vargo v. D & M Tours, Inc.*, No. 20-3380, 2020 WL 7828742, at *4 (6th Cir. Dec. 31, 2020). "Rule 60(b)(6) is a catch-all provision that provides relief from a final judgment when the movant shows 'any other reason that justifies relief.'" *Id.* (quoting *Gonzales v. Crosby*, 545 U.S. 524, 528 (2005)). Rule 60(b)(6) only applies in "extraordinary circumstances" or "unusual and extreme situations" that "are not addressed by the first five numbered clauses of the rule." *Vargo*, WL 7828742, at *5 (first quoting *Buck v. Davis*, 137 S.Ct. 759, 777 (2017); and then quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)).

**III.   Discussion**

The Court entered final judgment in this action after a jury found in favor of Sublett on his claim that Green retaliated against him in violation of the First Amendment. [DN 77]. The jury awarded Sublett nominal damages of $1.00, and the Court entered judgment against Green accordingly. *Id.* Sublett argues the judgment was in error because it was based on an erroneous jury instruction. As stated above, the Court has already determined that Jury Instruction No. 5 does not warrant a new trial. [DN 85]. Now, Sublett asks the Court to reconsider that finding.

   **a. Sublett's Motion to Reopen**

The jury instruction Sublett challenges reads:

**INSTRUCTION NO. 5**
**Compensatory Damages**

> If you find for the Plaintiff against the Defendants, then you will next determine from the evidence and award the Plaintiff such sum of money as will fairly and reasonably compensate him for his mental and physical pain and

> suffering, if any, as you believe from the evidence he has sustained as a direct result of the deprivation of his constitutional rights by the Defendant. Any award of compensatory damages must not exceed an amount of $17,000.00 against any single Defendant.
> 
> The fact that I instruct you on damages should not be taken by you as indicating one way or the other whether the Plaintiff is entitled to recover damages. This is entirely for you to decide. Any damages you award must have a reasonable basis in the evidence. They need not be mathematically exact but there must be enough evidence for you to make a reasonable estimate of damages without speculation or guess work.
> 
> If you find in favor of the Plaintiff against the Defendants, but you find the Plaintiffs damages have no monetary value, then you must return a verdict for the Plaintiff in the nominal amount of one dollar.

[DN 73 at 9]. Sublett's earlier challenge to the instruction was made in his motion for a new trial pursuant to Federal Rule of Civil Procedure 59(a). [DN 79]. Sublett argued the instruction was erroneous because under *King v. Zamiara*, 788 F.3d 207 (6th Cir. 2015), Sublett was not required to prove mental and physical pain and suffering to recover compensatory damages for a constitutional violation. The Court determined that the jury instruction did not warrant a new trial because Sublett did not object to the jury instructions and the instruction was what Sublett submitted to the Court, and because even if the instruction was erroneous, the error was harmless since Sublett failed to prove any actual injury caused by the First Amendment violation. *Id.*

Sublett says the Court used the wrong standards in making that determination. Sublett cites various Sixth Circuit cases and their propositions of law, seemingly to demonstrate that the Court would have reached a different result on the motion for a new trial had it considered those cases and rules. First, Sublett argues that jury instructions must be taken as a whole to determine whether the jury was adequately informed of the law on which to base its decision, and that the correctness of jury instructions is a question of law. [DN 87 at 1-2] (citing *Pivnick v. White, Getgey & Meyer Co., LPA*, 552 F.3d 479 (6th Cir. 2009); *Vance v. Spencer Cty. Public Sch. Dist.*, 231 F.3d 253 (6th Cir. 2000); *Jones v. Federated Fin. Reserve Corp.*, 144 F.3d 961 (6th Cir. 1998)). Next,

Sublett argues the district court was required to follow the rule that an "inquiry into jury instructions is limited to whether, taken as a whole, the instructions adequately inform the jury of the relevant considerations and provide the jury with a sound basis in law with which to reach a conclusion." *Id.* at 2 (citing *United States v. Wells*, 211 F.3d 988, 1002 (6th Cir. 2000)). Sublett further argues, "[t]he Court was required to determine whether the jury Instruction [were] 'confusing, misleading, and prejudicial.'" *Id.* (citing *Pivnick*, 552 F.3d at 488). Next, Sublett cites quotes *Walker v. Norris*, stating, "[a] party is not entitled to a new trial based upon alleged deficiencies in the jury instructions unless the instructions, taken as a whole, are misleading or give an inadequate understanding of the law." *Id.* (quoting *Walker v. Norris*, 917 F.2d 1449, 1453-44 (6th Cir. 1990) (quoting *Bowman v. Koch Transfer Co.*, 862 F.2d 1257, 1263 (6th Cir. 1988)).

Sublett then argues he is entitled to relief under a plain error standard of review. Sublett cites the United States District Court for the Western District of Tennessee in stating:

> "A court may consider a plain error in the instructions that has not been preserved as required by Rule 51(d)(1) if the error affects substantial rights." Under plain error review, a court must find four factors:
>
>> First, there must be an error or defect ... that has not been intentionally relinquished or abandoned, i.e. affirmatively waived, by the appellant. Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. Third, the error must have affected the appellant's substantial rights. Fourth and finally, if the above three prongs are satisfied ... discretion ... ought to be exercised only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings.

*EEOC v. New Breed Logistics*, 962 F.Supp.2d 1001, 1009 (W.D. Tenn. Aug. 23, 2013) (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)). Sublett argues that "[t]here is no dispute that the first prong has been [satisfied]." [DN 87 at 2].

Sublett then turns to the alleged error in the jury instructions. *Id.* at 2-3. He quotes *King* for its statement that "deprivations of First Amendment rights are themselves injuries, apart from any

mental, emotional, or physical injury that might also arise from the deprivation, and that § 1997e(e) does not bar all relief for injuries to First Amendment rights." *King*, 788 F.3d at 212. Again, Sublett argues there was in error in law in Instruction No. 5 because the jury could only grant him compensatory damages if he suffered emotional or physical pain from Defendant Green's First Amendment violation. [DN 87 at 2-3]. Sublett argues that he was entitled to recover presumed damages for Green's First Amendment violation because it was a harm difficult or impossible to measure. *Id.* at 2 (citing *Carey v. Piphus*, 435 U.S. 247, 262 (1978); *Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.*, 472 U.S. 749, 760-76 (1985)). Finally, Sublett generally argues that the error in the jury instructions was not harmless and can only be corrected with a new trial. *Id.* (citing *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548 (1984); *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 256 (1981)).

None of Sublett's arguments or the rules he cites changes the Court's earlier determination that he is not entitled to a new trial on compensatory damages. As the Court earlier recognized, *King* does provide that a plaintiff may recover presumed damages if the actual injury suffered is difficult to determine. *King*, 788 F.3d at 213-14. Yet, even granting Sublett that the compensatory damages instruction was erroneous, it does not constitute reversible error that warrants a new trial under Rule 60(b) because Sublett did not prove an actual injury.

### b. No Reversible Error

"'Generally, the propriety of jury instructions is a matter of law that is reviewed de novo,' under a harmless error standard if the defendant objected to the jury instructions at trial and a plain error standard if he did not." *United States v. Thiam*, 934 F.3d 89, 93 (2d Cir. 2019) (quoting *United States v. Botti*, 711 F.3d 299, 307-08 (2d Cir. 2013)); *Barnett v. Smithwick*, 835 F. App'x 31, 34 (6th Cir. 2020). "Where a party fails to preserve its objection to jury instructions, we review

the instructions for plain error." *EEOC v. New Breed Logistics*, 783 F.3d 1057, 1075 (6th Cir. 2015) (citing *Bath & Body Works, Inc. v. Luzier Personalized Cosmetics, Inc.*, 76 F.3d 743, 749 (6th Cir.1996)). Sublett did not object to the jury instructions, so plain error review applies.[2]

"Demonstrating plain error is a tall order." *Barnett*, 835 F. App'x at 34 (citing *Maday v. Pub. Libraries of Saginaw*, 480 F.3d 815, 820 (6th Cir. 2007)). "Plain error is defined as an 'obvious and prejudicial error that requires action by the reviewing court in the interests of justice.'" *New Breed Logistics*, 783 F.3d at 1075-76 (quoting *Reynolds v. Green*, 184 F.3d 589, 594 (6th Cir. 1999)). To require action by this Court, Sublett must demonstrate "an 'error or defect—some sort of deviation from a legal rule' that is 'obvious and prejudicial,' and 'requires action . . . in the interests of justice.'" *Barnett*, 835 F. App'x at 34 (citing *Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Olano*, 507 U.S. 725, 732-33 (1993); *New Breed Logistics*, 783 F.3d at 1075; *Scott v. Miller*, 361 F. App'x 650, 653-54 (6th Cir. 2010)) (internal citations, internal quotation marks, and brackets omitted). Sublett must also show that he "did not intentionally acquiesce to the error." *Id.* (citing *Olano*, 507 U.S. at 733).

Beyond intentional acquiescence, Sublett proposed the instruction he now challenges.[3] Thus, Sublett's claim is foreclosed by the invited error doctrine. "The doctrine of 'invited error' refers to the principle that a party may not complain on appeal of errors that he himself invited or provoked the court or the opposite party to commit." *Harvis v. Roadway Exp. Inc.*, 923 F.2d 59, 60 (6th Cir. 1991) (citation omitted). "Having induced the court to rely on a particular erroneous proposition of law or fact, a party in the normal case may not at a later stage of the case use the

---

[2] The Court applied the more forgiving harmless error standard of review in its opinion and order addressing Sublett's motion for a new trial. [DN 85]. Here, Sublett concedes that plain error applies.
[3] *See* DN 54 at 10, Proposed Jury Instructions by Damien A. Sublett ("If you find for the Plaintiff against the Defendants, then you will next determine from the evidence and *award the Plaintiff such sum of money as will fairly and reasonably compensate him for his mental and physical pain and suffering*, if any, as you believe from the evidence he has sustained as a direct result of the deprivation of his constitutional rights by one or both defendants.") (emphasis added).

error to set aside the immediate consequences of the error." *Id.* at 61. An invited error is the rough equivalent of a waiver, and, "although waived arguments are typically unreviewable, we will consider invited errors when they 'result in manifest injustice.'" *United States v. Derringer*, No. 19-6427, 2021 WL 387499, at *5 (6th Cir. Feb. 3, 2021) (quoting *United States v. Demmler*, 655 F.3d 451, 458 (6th Cir. 2011)).

The jury instruction at issue did not include an error that was obvious and prejudicial, nor did it result in manifest injustice. Sublett claims error in the instruction because the Court did not include presumed damages in the compensatory damages instruction. However, there is no prejudice or injustice in this omission because Sublett was not entitled to recover compensatory damages, including presumed damages, "unless he [could] prove *actual injury* caused by [Green's First Amendment] violation." *King*, 788 F.3d at 213 (emphasis added). But Sublett proved no actual injury. As the Court stated in addressing Sublett's motion for a new trial, Sublett failed to point to specific witness testimony presented at trial or other evidence offered at trial to prove that he suffered a real and cognizable injury. Sublett broadly asserted that Green's actions prevented him from litigating other lawsuits but he failed to direct the Court to portions of the transcript to support this assertion or provide any other comparable evidence. The Court also stated:

> Plaintiff argues that his damages were his inability to prosecute other civil actions due to the confiscation of his legal materials. Plaintiff argues "Sublett testified that he was unable to respond to motion by lawyer for the defendants in his pending civil action because Sublett did not have any of his legal material, and that Green confiscated all of Sublett legal material that came in the legal mail from other defendant's lawyer's." (DN 83 at 7). Plaintiff specifically identifies *Sublett v. McAlister*, 5:16-cv-00138-TBR and argues he "could not litigate the McAlister case because all of his legal material was confiscated by green, the damage was the fact that Sublett could not litigate his pending civil case like in King v. Zamiara supra." *Id.*
>
> Plaintiff has not articulated exactly how the confiscation of his legal materials hindered his prosecution of the McAlister case. Plaintiff has not identified what specific documents were confiscated that were critical to that case.

9

> Furthermore, Plaintiff has not identified any outcomes in that case which would have been different if the documents were not confiscated. Most importantly, Plaintiff does not offer any proof that he presented evidence of these damages at trial. Plaintiff has not cited to any transcripts from trial testimony where a witness testified that Sublett was hindered in his prosecution of the *McAlister* case, or any other case, by Green's confiscation of his materials. Plaintiff bore the burden of proving these damages at trial and he now bears the burden of proving that he met that burden at trial.

[DN 85 at 5-6]. Without proving actual injury at trial, Sublett could not have been granted presumed damages, so no prejudice or injustice could have resulted from failure to give the jury a presumed damages instruction.

Sublett must establish grounds for relief pursuant to Rule 60(b) under a clear and convincing evidence standard. *United States v. Church*, No. 19-1528, 2020 WL 2494431, at *2 (6th Cir. Apr. 22, 2020) (citing *Info-Hold, Inc. v. Sound Merchandising, Inc.*, 538 F.3d 448, 454 (6th Cir. 2008)). Sublett has failed to carry that burden. Thus, this Court will not exercise its discretion under Rule 60(b) to grant Sublett relief from the final judgment in this action.

## IV. Conclusion

Sublett's Motion to Reopen, DN 87, is **DENIED**.

**IT IS SO ORDERED**.

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge**
**United States District Court**

March 17, 2021

cc: counsel

Damien A. Sublett
134575
LEE ADJUSTMENT CENTER
WN207
Inmate Mail
168 Lee Adjustment Center Drive
Beattyville, KY 41311
PRO SE